Submitted on record and briefs June 19, reversed and remanded for reconsideration
November 25, 1992

## DONALD ALEC STRECKER,
*Petitioner,*

*v.*

## PSYCHIATRIC SECURITY
## REVIEW BOARD,
*Respondent.*

(79-285; CA A72184)

842 P2d 435

Harris S. Matarazzo, Portland, filed the brief for petitioner.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Yuanxing Chen, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) that denied his request for a discharge and continued his commitment. We reverse and remand.

On June 1, 1977, petitioner was found not guilty of rape in the first degree and sodomy in the first degree by reason of mental disease or defect. He was then committed to the custody of the Oregon State Hospital. On January 1, 1978, in accordance with a statutory change, jurisdiction of petitioner's case was transferred to PSRB. On September 6, 1991, pursuant to ORS 161.341(4),[1] a hearing was conducted by PSRB to determine whether petitioner's commitment should continue or whether he should be conditionally released or discharged. PSRB concluded *inter alia*, that petitioner suffers from a mental disease or defect and that his commitment should continue.

Petitioner assigns error to PSRB's determination that he continues to suffer from a mental disease or defect. When petitioner was committed, the court found:

"At the time that the [crime] occurred, [petitioner] was suffering from *a mental disease and/or defect* which prevented [petitioner] from conforming his conduct to the requirements of the law." (Emphasis supplied.)

At that time, the court had before it the opinions of three psychiatrists. Only Dr. Parvaresh concluded that petitioner suffered from a mental disease or defect. That was based on his diagnosis that petitioner suffered from schizophrenia. The other two doctors diagnosed petitioner as having an

---

[1] 161.341(4) provides:

"Any person who has been committed to a state hospital designated by the Mental Health and Developmental Disability Services Division for custody, care, and treatment or another person acting on the person's behalf may apply to the board for an order of discharge or conditional release upon the grounds:

"(a) That the person is no longer affected by mental disease or defect;

"(b) If so affected, that the person no longer presents a substantial danger to others; or

"(c) That the person continues to be affected by a mental disease or defect and would continue to be a danger to others without treatment, but the person can be adequately controlled and given proper care and treatment if placed on conditional release."

inadequate personality disorder and concluded that he did not suffer from a mental disease or defect. Thus, the court's conclusion that petitioner had a mental disease or defect justifying his commitment could only have been based on a finding that petitioner was schizophrenic.

Petitioner's condition is now diagnosed as borderline personality disorder. ORS 161.295(2) provides:

> "As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct, nor do they *include any abnormality constituting solely a personality disorder.*" (Emphasis supplied.)

ORS 161.295 was amended in 1983 to include the emphasized language. Petitioner argues that, because his current diagnosis could not presently be the basis of his commitment, he should be released. PSRB contends, relying on *Baldwin v. PSRB*, 97 Or App 367, 776 P2d 577 (1989), that petitioner still suffers from the personality disorder that caused him to be dangerous.

In *Baldwin*, the petitioner was placed under the jurisdiction of PSRB in a 1982 proceeding based on a diagnosis that she was suffering from a "mixed personality disorder." 97 Or App at 369. In 1988, she requested a discharge hearing before PSRB, arguing, *inter alia*, that ORS 161.295(2), as amended in 1983, required her discharge because her diagnosis, mixed personality disorder, was then excluded from the definition of mental disease or defect. PSRB denied her request for discharge. We affirmed on the basis of our conclusion that the legislature intended that

> "a person must no longer be affected by the condition that made her dangerous, that is, the mental disease or defect that *originally caused her to be placed under PSRB's jurisdiction.*" 97 Or App at 371. (Emphasis in original.)

In *Baldwin*, the petitioner continued to be affected by a mixed personality disorder, the condition that "caused her to be placed under PSRB's jurisdiction." Petitioner's commitment was based on a condition, schizophrenia, from which he no longer suffers. Consequently, the mental disease

or defect that caused his commitment is no longer present. PSRB erroneously concluded that it is.

Reversed and remanded for reconsideration not inconsistent with this opinion.