On respondent's petition for reconsideration filed December 29, 1992,
reconsideration allowed; opinion (116 Or App 553, 842 P2d 435 (1992)) withdrawn;
affirmed May 12, 1993

### DONALD ALEC STRECKER,
*Petitioner,*

*v.*

### PSYCHIATRIC SECURITY REVIEW BOARD
*Respondent.*

(79-285; CA A72184)

851 P2d 1151

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, for petition.

Harris S. Matarazzo, Portland, *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

**De MUNIZ, J.**

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) that continues his commitment. In *Strecker v. PSRB*, 116 Or App 553, 842 P2d 435 (1992), we reversed PSRB's order and remanded for further proceedings. Relying on *Baldwin v. PSRB*, 97 Or App 367, 776 P2d 577 (1989), we said:

> "Petitioner's commitment was based on a condition, schizophrenia, from which he no longer suffers. Consequently, the mental disease or defect that caused his commitment is no longer present. PSRB erroneously concluded that it is." 116 Or App at 556-57.

PSRB filed a petition for review, which we treat as one for reconsideration. ORAP 9.15(1). We allow reconsideration, withdraw our former opinion and affirm PSRB's order.

In May, 1977, the state and petitioner stipulated that petitioner committed rape in the first degree and sodomy in the first degree on March 14, 1977, but that he was not criminally responsible for that conduct, because at the time, as a result of mental disease or defect, he lacked substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. ORS 161.295 (*since amended by* Or Laws 1983, ch 800, § 1). The parties also stipulated that, at the time of sentencing, petitioner continued to suffer from a mental disease or defect, presented a substantial risk of danger to himself or others, and was not a proper subject for release on supervision. The trial court accepted the stipulation[1] and entered an order on June 1, 1977, that committed petitioner to the Oregon State Hospital for treatment.[2]

In its brief, PSRB argued that "the trial court's [commitment] order was based at least in part on the diagnosis that petitioner was suffering a personality disorder." In its petition, PSRB retreats from that position, arguing that the basis of the trial court's order cannot be determined because the order did not specify whether petitioner was

---

[1] In our earlier opinion, we describe three medical opinions that the court may have had before it when it accepted the stipulation. 116 Or App at 555-56.

[2] The legislature transferred jurisdiction over petitioner from the court to PSRB a few months after he was committed. Or Laws 1977, ch 380, § 22.

affected "by schizophrenia, by a personality disorder, by both or by some other mental disease or defect." We will allow this retreat, in no small part because petitioner conceded in his opening brief that the record "does not include the basis" on which the trial court made its determination.[3]

On September 6, 1991, PSRB held a hearing pursuant to ORS 161.341(4) and (6), at which a psychiatrist testified that petitioner suffers from "borderline personality disorder." From that diagnosis and other information in the record, PSRB found that petitioner continues to be affected by a mental disease or defect,[4] presents a substantial danger to others and is not a proper subject for conditional release.

Petitioner argues that PSRB's order is not supported by substantial evidence. He observes that in 1983 the legislature amended ORS 161.295(2) to exclude "abnormalities constituting solely a personality disorder" from the concept of "mental disease or defect." In 1977, when the state and petitioner entered into their stipulation, ORS 161.295 provided:

"(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2) As used in this Act, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

---

[3] In our earlier opinion, which we now withdraw, we concluded that the trial court's finding that petitioner suffered from a mental disease or defect at the time he engaged in the conduct constituting the offense and its finding that he continued to suffer from a mental disease or defect at the time of sentencing "could only have been based on a finding that petitioner was schizophrenic." 116 Or App at 556. In his response to PSRB's petition, petitioner argues that the record supports our conclusion and urges us to maintain it. Under the analysis we adopt today, it is unnecessary to determine the specific medical diagnosis that supports the court's findings with respect to mental disease or defect.

[4] The statutory phrases "mental disease or defect," "abnormality manifested only by repeated criminal or otherwise antisocial conduct," and "abnormality constituting solely a personality disorder" are not defined by statute. However, PSRB has authority to promulgate "such interpretive rules as the board deems necessary or appropriate to carry out its statutory responsibilities." ORS 161.387(1). PSRB has exercised that authority and defined "mental disease" and "mental defect" in administrative rules. *See Osborn v. PSRB*, 119 Or App 430, 434, 851 P2d 614 (1993).

The legislature has amended the statute only once since it was originally enacted in Oregon Laws 1971, chapter 743, section 36. ORS 161.295 currently provides:

"(1) A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law.

"(2) As used in Chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct, nor do they include any abnormality constituting solely a personality disorder."

Although petitioner phrases his argument in terms of substantial evidence, he is arguing, essentially, that PSRB cannot, as a matter of law, find that he continues to suffer from mental disease or defect when the evidence shows that he now suffers solely from an abnormality constituting solely a personality disorder.[5]

We rejected a similar argument in *Baldwin v. PSRB, supra.* We reject it again today, although under a rationale that is different from that which *Baldwin* provided. In that case, the trial court found that Baldwin was not guilty by reason of mental disease or defect for an offense that she committed in 1980. We said that, from the record, it was "clear" that the court found that Baldwin continued to suffer from a mental disease or defect at the time of sentencing on the basis that she had a "personality disorder." 97 Or App at 369 n 2. At the hearing, Baldwin's treating physician testified that she continued to suffer only from a "personality disorder." 97 Or App at 370. PSRB concluded that Baldwin's commitment should continue, because it found, *inter alia,* that she continued to suffer from a mental disease or defect. We affirmed PSRB's order. We held that a person must recover from the specific mental disease or defect that caused

---

[5] Petitioner does not challenge the psychiatrist's testimony that he suffers from borderline personality disorder. For purposes of this opinion, we will assume that petitioner suffers from an abnormality constituting solely a personality disorder. He also does not contest PSRB's findings that he remains dangerous to others and that he cannot be adequately controlled and treated in the community if he were to be conditionally released.

the person to be placed under the jurisdiction of the PSRB. 97 Or App at 371.

Although we reached the correct result in *Baldwin*, we now question whether the basis for our holding was either correct or necessary. In their briefs, PSRB and petitioner, in an attempt to apply *Baldwin*, spent considerable effort trying to discern the specific mental disease or defect that supported the trial court's findings in 1977. In its petition, PSRB now draws our attention to an uncodified grandfather clause in Oregon Laws 1983, chapter 800, which is part of the act that amended ORS 161.295(2).[6] Section 17 of that act provides:

"Section 16 of this Act and the amendments to ORS 161.295, 161.305, 161.309, 161.319, 161.325, 161.327, 161.336, 161.341, 161.365 and 162.155 by this Act shall apply only to offenses committed on or after January 1, 1984. In the case of offenses committed before January 1, 1984, those sections shall apply in the same manner as if this Act had not been enacted."

Petitioner committed the offenses that resulted in his commitment before January 1, 1984. The statute directs PSRB to apply ORS 161.295(2) as if Oregon Laws 1983, chapter 800, "had not been enacted," in other words, to ignore the amendment and to apply the original version of ORS 161.295(2) in making its determination about whether petitioner continues to suffer from mental disease or defect. The original version of ORS 161.295(2) does not exclude "abnormalities constituting solely a personality disorder" from the concept of "mental disease or defect." Consequently, we reject petitioner's argument that PSRB could not, as a matter of law, find that he continues to suffer from mental disease or defect when the evidence shows that he now suffers from an abnormality constituting solely a personality disorder. Petitioner's argument fails, because the exclusion in the amended version of ORS 161.295(2) does not apply to him.

Reconsideration allowed; opinion withdrawn; affirmed.

---

[6] In its petition, PSRB criticizes our "circuitous" reasoning in *Baldwin*. PSRB does, however, accept "some responsibility" for that analysis, because its brief in *Baldwin* did not rely on the grandfather clause it cites here as a "simpler" basis for affirmance.